**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JUNE M. JONES,          )
                              )
          Plaintiff,      )
                              )
v.                          )     Case No. CIV-12-244-FHS-KEW
                              )
CAROLYN W. COLVIN, Acting   )
Commissioner of Social      )
Security Administration,    )
                              )
          Defendant.     )

## REPORT AND RECOMMENDATION

Plaintiff June M. Jones (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by

---

[1]  Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); <i>see also</i>, <u>Casias</u>, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on January 6, 1962 and was 49 years old at the time of the ALJ's decision. Claimant obtained her GED and an Associates of Arts degree but has not engaged in any substantial gainful employment. Claimant alleges an inability to work beginning November 21, 2008 due to limitations resulting from leg

problems, neck, arm and back problems stemming from an automobile accident.

## Procedural History

On March 5, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 6, 2011, an administrative hearing by video was held before ALJ Michael Kirkpatrick. On January 14, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on April 11, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to include all of her severe impairments in his decision; (2) engaged in a faulty credibility analysis; (3) reached an improper RFC which

4

is not supported by substantial evidence; and (4) made inadequate findings at step five.

## Evaluation of Claimant's Severe Impairments

In his decision, the ALJ determined Claimant suffered from the severe impairments of cervical spine degenerative changes, degenerative joint disease/degenerative disc disease at the L4-L5 vertebral level of the lumbar spine, and mood disorder, NOS with depressed and anxious features. (Tr. 16). He also found Claimant retained the RFC to perform a full range of light work and, in so doing, found she could frequently lift and/or carry 10 pounds, occasionally lift and/or carry 20 pounds, sit for at least six hours during an eight hour workday, and stand and/or walk for at least six hours in an 8 hour workday. The ALJ also determined Claimant could perform both simple, unskilled tasks and also detailed semi-skilled (but not complex, skilled tasks). The ALJ found no other work-related functional limitations. (Tr. 18). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of cashier 2, cafeteria attendant 2, and housekeeper all of which were considered available in significant numbers in the regional and national economies. (Tr. 25).

Claimant contends the ALJ erred in failing to find additional

severe impairments at step two of the sequential analysis. Specifically, Claimant asserts the ALJ should have found the additional conditions of headaches, left shoulder pain, and personality disorder as severe impairments.

The ALJ acknowledged Claimant's treatment for headaches by Dr. Dennis Carter from November of 2007 through November of 2010. This included her complaints of headaches to Dr. Carter in September of 2009, which she described as "moderate in severity; squeezing; and band-like." The pain was primarily occipital but did not radiate. The condition was noted to improve with lying still, narcotics, and muscle relaxers. Dr. Carter prescribed pain medication. (Tr. 315-17).

At the administrative hearing, Claimant testified she experienced a "debilitating headache" every two weeks, lasting two days. She treats the condition with medication and going to bed in a dark room with no sound. She stated she gets nauseated and her sight gets blurry. (Tr. 36).

In his decision, the ALJ noted Dr. Carter's records and Claimant's testimony but found "no allegations of severity and frequency that she testified to at hearing (sic)" in Dr. Carter's treatment records. (Tr. 21).

At step two, Claimant bears the burden of showing the

existence of an impairment or combination of impairments which
"significantly limits [his] physical or mental ability to do basic
work activities." 20 C.F.R. § 416.920(c). An impairment which
warrants disability benefits is one that "results from anatomical,
physiological, or psychological abnormalities which are
demonstrable by medically acceptable clinical and laboratory
diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity
determination for an alleged impairment is based on medical
evidence alone and "does not include consideration of such factors
as age, education, and work experience." Williams v. Bowen, 844
F.2d 748, 750 (10th Cir. 1988). The burden of showing a severe
impairment is "de minimis," yet the presence of a medical condition
alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d
1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28.

A claimant's testimony alone is insufficient to establish a
severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms
> shall not alone be conclusive evidence of disability as
> defined in this section; there must be medical signs and
> findings, established by medically acceptable clinical or
> laboratory diagnostic techniques, which show the
> existence of a medical impairment that results from
> anatomical, physiological, or psychological abnormalities
> which could reasonably be expected to produce the pain or
> other symptoms alleged and which, when considered with
> all evidence required to be furnished under this
> paragraph (including statements of the individual or his
> physician as to the intensity and persistence of such
> pain or other symptoms which may reasonably be accepted

as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

This Court agrees with the ALJ that Claimant's headaches do not constitute a severe impairment. Claimant has failed to demonstrate the condition severely limits her ability to engage in work-related activity.

Claimant also suggests that her left shoulder limitations should have been considered a severe impairment. Again, Dr. Carter found Claimant had decreased range of motion in the left shoulder flexion, extension, adduction, abduction, internal rotation, and external rotation. (Tr. 358). The ALJ recognizes this diagnosis and testing but does not state that it is fully treatable with medication or any other basis for rejecting this condition as a severe impairment. Undoubtedly, the decreased range of motion found by Dr. Carter would affect Claimant's ability to engage in work-related activities. On remand, the ALJ shall consider this

condition and its affect singularly and in combination with Claimant's other conditions.

Claimant also states that her personality disorder should have been included as a severe impairment. This condition, however, does not appear in the medical record until a report by Dr. Robert L. Spray, Jr. dated March 30, 2011 – some two months **after** the ALJ issued his decision. (Tr. 370-73). He could not have been expected to have addressed a condition that was undiagnosed at the time. The report was included in the record to the Appeals Council but did not result in a remand. Since this case is to be remanded for consideration of Claimant's left shoulder as a severe impairment, the ALJ shall consider whether the later diagnosed personality disorder constitutes a severe impairment during the relevant period.

## Credibility Analysis

Claimant challenges the adequacy of the ALJ's credibility analysis. The ALJ determined "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 20). As this Court has indicated on other occasions, this boilerplate statement improperly twists the required analysis, finding an RFC before assessing Claimant's credibility. As such is the case, it is facially improper. The ALJ also found that Claimant's testimony

regarding the effects of her conditions upon her daily activities are "not objectively verifiable." (Tr. 23). This statement essentially finds Claimant to be untruthful unless she possesses some unidentified corroborative evidence of her truthfulness. This position appears to reflect an unfounded skepticism of a claimant's testimony based upon nothing but conjecture. Nothing in the regulations or case authority suggests such a position or imposes such a burden upon a claimant. On remand for a further examination of Claimant's credibility, the ALJ shall restrict his analysis of credibility to the medical record and the testimony offered by Claimant and any third party witnesses with knowledge of her conditions and their effect upon her ability to engage in work-related activities.

## RFC Analysis

Since this Court has remanded the case for consideration of other conditions as severe impairments, the ALJ shall also re-examine the effects of any such conditions upon Claimant's RFC.

## Step Five Analysis

Claimant contends the ALJ omitted conditions from his hypothetical questioning of the vocational expert such that the analysis at step five was flawed. The ALJ shall reconsider his questioning of the vocational expert in light of any additional limitations he finds as a result or his examination of other

conditions as severe impairments.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of August, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE